# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:10-0464 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| GERALD ANDERSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Defendant's "Motion For More Definite Statement of Claim." Docket No. 16. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 20. After the filing of Plaintiff's Response, Defendant filed a "Motion to Disregard Plaintiff's Response to Motion For More Definite Statement or Permission to File Reply." Docket No. 26. That Motion will also be addressed in the instant Order.

Plaintiff has sued Defendant for breach of contract. Docket No. 1. Essentially, Plaintiff alleges that he and Defendant entered into one or more contracts by which Plaintiff would sell and Defendant would buy certain tracts of property in Williamson County, Tennessee. *Id.* The parties also entered a series of "Extension Agreements," each of which extended closing dates by one year but increased the per acre purchase price by 14.5%. The Complaint alleges that Defendant breached the contracts and never bought the property as he had agreed to do.

In the instant Motion, Defendant states that, being "untrained in the law and rules related thereto, [he] found it very difficult to understand and follow [the Complaint]." Docket No. 16, p.

1.  Defendant lists approximately 22 matters about which he desires a "more definite statement." For example, Defendant wishes to know the "duration" of a number of agreements referred to in the Complaint, whether certain agreements were written or oral, whether Defendant's alleged refusal to close was in writing or oral, the value of some of the property, etc.

As Plaintiff correctly argues, Motions for More Definite Statements are generally disfavored.  As one noted authority has stated:

> The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice. So, although they come within the court's discretion, courts grant the motions sparingly.
>
> Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail.  Courts frown on a litigant's use of the motion as a "shotgun tactic" to substitute for discovery, or as a dilatory tactic to postpone filing an answer.  In the presence of proper, although general allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

**Moore's Federal Practice 3d** § 12.36[1], p. 12-121 to -122 (footnote omitted).

Plaintiff further argues that, while the transactions discussed in the Complaint are fairly complicated and difficult to follow, such is due to the nature of the transactions, and not because they are not plainly set forth in the Complaint.

The matters upon which Defendant desires a more definite statement are more properly matters for discovery.

For the foregoing reasons, Defendant's "Motion For More Definite Statement of Claim" (Docket No. 16) is DENIED.

In view of the foregoing ruling, Defendant's "Motion to Disregard Plaintiff's Response to Motion For More Definite Statement or Permission to File Reply" (Docket No. 26) is

DENIED AS MOOT.

    IT IS SO ORDERED.

                                                            E. Clifton Knowles
                                                            United States Magistrate Judge