IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID PATTERSON,            )
                            )
            Plaintiff,      )
                            )
                            )
vs.                         ) CASE NO. 3:10-0464
                            ) JUDGE CAMPBELL/KNOWLES
                            )
                            )
GERALD ANDERSON,            )
                            )
            Defendant.      )

# ORDER

This matter is before the Court upon Defendant's "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)." Docket No. 14. Defendant has filed a supporting brief. Docket No. 15. Defendant seeks to strike from Plaintiff's verified Complaint the following statement:

> "In 2004, Mr. Anderson was convicted by a federal jury in Illinois of wire and honest services fraud and bribery, and in 2006 was sentenced to severnty=two [*sic*] months in prison."

Docket No. 14, p. 2, *citing* Docket No. 1, ¶ 15.

Defendant argues that this assertion "bears no relationship to the controversy currently before this Court," and that "it serves no purpose other than to prejudice the Defendant in this matter." Docket No. 14, p. 1-2. Defendant argues that Fed. R. Civ. P. 12(f) "allows a *party* to strike from a pleading, 'any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Docket No. 15, p. 2 (emphasis added). Rule 12(f) actually provides that the Court, not a party, can strike the listed matters. Defendant argues that the material he seeks to have stricken "is both immaterial and scandalous matter." Docket No. 15, p. 2.

Motions to Strike are disfavored by courts. **Moore's Federal Practice 3d** § 12.37[1], p. 12-127. **Moore's** also states in relevant part:

> An allegation is "impertinent" or "immaterial" when it is neither responsive nor relevant to the issues involved in the action.
>
> . . .
>
> "Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in replusive language that detracts from the dignity of the court. It is not as broad as "impertinent," and courts will usually strike so-called scandalous material only if it is irrelevant and immaterial to the issues in controversy.

*Id.* § 12.37[3], p. 12-129 to -131.

While it is not the province of the undersigned to rule upon the actual admissibility of evidence, the Court notes that Fed. R. Evid. 609(a) and (b) generally provide that prior felony convictions or convictions for crimes that involve dishonesty or false statement are generally admissible if they are less than ten years old.

The allegation that Defendant was convicted as set forth above is not immaterial or scandalous.

For the foregoing reasons, Defendant's "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)" (Docket No. 14) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge