**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| DAVID PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:10-0464 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| GERALD ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court upon "Defendant's Motion For Clarification of Discovery and Related Matters." Docket No. 33. Defendant, who is proceeding pro se, has apparently taken the position that he does not need to comply with Plaintiff's discovery requests "until such time as a responsive pleading is filed AND and [*sic*] Rule 26(f) conference is held AND the joint discovery plan (Rule 26(f)(3)) is filed with the Court." Docket No. 33, p. 1. Defendant apparently has communicated with Plaintiff's counsel regarding his concerns, but Plaintiff's counsel has not responded, and now Defendant "believes it is necessary to seek the Court's intervention at this juncture." *Id*., p. 3. Despite his concerns, Defendant states that he "has responded to the Plaintiff's two discover [*sic*] requests set out in paragraph 14 of this Motion [referring to Plaintiff's First Set of Requests for Production and Plaintiff's First Set of Requests for Admission to Defendant]." *Id*. Defendant then states that he "believes that the responses should be stricken from the record, or otherwise excluded for future use in this matter" because the requests were premature and because he "has not had time to secure the documents and/or

information needed to adequately respond.[1] *Id*.

Defendant seeks an Order from the Court "establishing the discovery process of this case."[2] He asks the Court to direct Plaintiff to participate in the development of the discovery plan and pursuant to Fed. R. Civ. P. 26(f)(3). He asks that the Court direct Plaintiff to make his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(I) through (iv). He further seeks that "disclosures of documents be made in the form of copies of said documents due to the fact that Defendant cannot otherwise review documents." He asks that his time to respond to discovery requests be extended to a minimum of sixty (60) days. Finally, he asks that the responses already provided in relation to the allegedly premature discovery requests be stricken from the record.

Plaintiff has filed a Response to the Motion (Docket No. 34) noting that, in a May 14, 2010 Order (Docket No. 3), the undersigned expressly lifted the stay of discovery imposed by Rule 26(d). Plaintiff also correctly points out that this case is exempt from customized case management pursuant to Local Rule 16.01(b)(2)(b), because it involves a pro se party. Even so, however, Plaintiff states that he has prepared initial disclosures and would mail them to Defendant on September 17, 2010. Docket No. 34, p. 3. Plaintiff further states that there is no authority for "striking" Responses to the Requests for Admission, that that Plaintiff does not object to providing Defendant with an additional thirty (30) days to respond to the Requests for Production.

---

[1] Defendant states that he is a federal inmate at the "Federal Medical Center" undergoing dialysis three days a week.

[2] The undersigned entered a Scheduling Order on August 30, 2010. Docket No. 29.

2

Defendant has filed a Reply to Plaintiff's Response.  Docket No. 35. This Reply was filed without leave of Court in violation of Local Rule 7.01(b).  Nevertheless, the Court will consider the Reply.  Defendant initially argues that, while the Court's May 14, 2010, lifted the stay of discovery, "the Court cancelled that Order on June 14, 2010."  Docket No. 35, p. 2.  The Court's June 14, 2010, Order did not "cancel" the May 14, 2010, Order.  The latter Order merely cancelled the Initial Case Management Conference.

Defendant also argues that it is somehow unfair for him to have to participate in discovery until after he files a responsive pleading.  He cites no authority for that proposition, and it is clearly incorrect.  Defendant further argues that the fact that this action is exempted from customized case management as provided by a Local Rule does not exempt the parties from "Fed. R. Civ. P. 26."  *Id*.  This point is moot, however, because Plaintiff has prepared initial disclosures and, presumably, has already sent them to Defendant.  Finally Defendant argues that "there is authority for striking premature discovery requests."  Docket No. 35, p. 2.  While that statement may be entirely correct, the discovery requests at issue were not premature.

For the foregoing reasons, Defendant's "Motion for Clarification of Discovery and Related Matters" (Docket No. 33) is DENIED.

The Court further notes that, shortly prior to filing the instant Motion, Defendant sent a letter dated September 1, 2010, to the Clerk, in which he discusses the lifting of the stay of discovery.  Docket No. 32.  That letter, however, seeks no relief, but merely asks for a copy of the May 14, 2010, Order issued by the undersigned.  In view of these facts, and in view of the instant ruling on Defendant's Motion for Clarification of Discovery and Related Matters, the Clerk is directed to term Docket No. 32 as a Motion.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge