IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID PATTERSON )
)
v. ) NO. 3-10-0464
) JUDGE CAMPBELL
GERALD ANDERSON )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 83) and Objections filed by the Plaintiff (Docket No. 88).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Report and Recommendation is adopted and approved in part and rejected in part.

Plaintiff filed a Motion for Summary Judgment (Docket No. 73) to which Defendant filed no Response. Plaintiff correctly points out that failure to respond to a Motion indicates there is no opposition thereto. Local Rule 7.01(b). In addition, failure to respond to a moving party's statement of material facts within the time periods provided indicates that the asserted facts are not disputed for purposes of summary judgment. Local Rule 56.01(g).

Nonetheless, as pointed out by the Magistrate Judge, the Court cannot grant the Motion for Summary Judgment simply because Defendant has failed to respond. Stough v. Mayville Community Schools, 138 F.3d 612, 614 (6th Cir. 1998). The Court must find that Plaintiff has carried his burden to show that there are no disputed issues of fact and that Plaintiff is entitled to judgment as a matter of law.

Plaintiff argues that the Magistrate Judge made Defendant's arguments for him. Plaintiff's Statement of Undisputed Facts, however, acknowledges that Mr. Anderson claims that the 1997

Contract is an "option." Docket No. 75, ¶¶ 4 and 12-13. Plaintiff's Statement of Undisputed Facts also admits that Plaintiff has only an *unsigned* copy of the 1999 Contract. *Id.*, ¶ 10.

The Magistrate Judge correctly pointed out that the contracts at issue include no express obligations to purchase, just obligations to sell. Plaintiff admits that the operative question is whether the general intention of the contract is to consummate a sale. Docket No. 88, p. 5. Whether the 1997 Contract was intended by the parties to be a purchase contract or an option contract is an operative fact that is clearly disputed. Moreover, whether the 1999 Contract was actually executed and whether it was intended to be a purchase contract or an option contract are also not established.

The Court finds that Plaintiff has not carried his burden of establishing that there are no genuine issues of material fact and that he is entitled to judgment on the breach of contract claims. The Report and Recommendation is adopted as to Plaintiff's Motion for Summary Judgment, and that Motion is DENIED, although for different reasons.

With regard to the Magistrate Judge's recommendation that the Court, *sua sponte*, dismiss Plaintiff's breach of contract claims, the Report and Recommendation is rejected. The Court has found merely that there are genuine issues of material fact as to those claims, not that Defendant is entitled to judgment thereon.

For these reasons, the Report and Recommendation is adopted in part and rejected in part. Plaintiff's Motion for Summary Judgment (Docket No. 73) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE