IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID PATTERSON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-0464 |
| | ) JUDGE CAMPBELL/KNOWLES |
| GERALD ANDERSON, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Continuance of Trial and to Enter New Case Management Order. Docket Entry No. 97. With the Motion, Defendant has filed a supporting Memorandum (Docket No. 98), the Affidavit of his recently-retained counsel (Docket No. 99), his own Affidavit (Docket No. 100), the Affidavit of a physician who has treated him for the last thirteen months (Docket No. 101-1) and a number of other documents. Plaintiff has filed a Response in Opposition to the Motion (Docket No. 103) and the Declaration of his counsel (Docket No. 103-1). With leave of Court (Docket No. 107), Defendant has filed a Reply to the Response (Docket No. 104).

The thrust of Defendant's Motion is that he was incarcerated at the Federal Medical Center in Butner, North Carolina, at the time of the filing of the Complaint in this action, and that he was released on May 22, 2011. He has a medical diagnosis of chronic renal failure. He is 78 years old and, until recently, did not have any income to hire counsel to represent him in this

case. He has now retained counsel. In his supporting Memorandum, Plaintiff argues that the case is not ready for trial, that there is substantial documentation available which supports the denials contained in Defendant's Answer, and that part of the property at issue in this lawsuit has been "pledged" to Austin Bank of Chicago, which is not a party to this litigation. Defendant also states that he has never met or spoken with Plaintiff about any of the transactions at issue in this litigation, and that all of Defendant's dealings relating to Plaintiff were done through a Nashville attorney, who has never been deposed in this litigation. He also points out that Plaintiff has never been deposed.

Plaintiff responds that:

> The questions for the Court are whether: (a) [Defendant] is being completely forthcoming regarding the delay in retaining counsel until a little more than a month before trial; and (b) if so, are the reasons set forth by [Defendant] for his apparent-readiness for trial sufficient to support a continuance.

Docket No. 103, p. 1-2.

Much of Plaintiff's Response is simply a chronology of this action.

In his Reply, Defendant argues that Plaintiff essentially has merely attacked his credibility and has ignored appropriate standards for a decision such as the one at issue.

The decision whether to continue the trial is one within the Court's discretion. In view of all the foregoing circumstances, the Court believes that Defendant has shown sufficient reason for a continuance of the trial and for the entry of a new Scheduling Order. Thus, the undersigned recommends that the instant Motion be GRANTED. The undersigned further recommends that the following deadlines be established for the progression of this case:

1. The Discovery deadline is August 29, 2012.

2

2. The deadline for filing discovery-related motions is September 12, 2012.

3. All dispositive motions shall be filed on or before September 28, 2012.

4. The target trial date is January 29, 2013.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge