IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID PATTERSON )
)
v. ) NO. 3-10-0464
) JUDGE CAMPBELL
GERALD ANDERSON )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 128). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This is an action for the alleged breach of two contracts for the sale of real property in Williamson County, Tennessee. Verified Complaint (Docket No. 1). Plaintiff also asserts a claim for fraud and seeks attachment of Defendant's property. Plaintiff alleges that the contracts are valid, enforceable contracts under which Defendant was required to purchase certain property. Defendant argues that the contracts are not enforceable and that, even if they were enforceable, they are option contracts, not binding obligations to purchase.

In a previous Order (Docket No. 89), this Court approved in part and rejected in part a Report and Recommendation of the Magistrate Judge (Docket No. 83) regarding Plaintiff's Motion for Summary Judgment (Docket No. 73), which was actually a Motion for Partial Summary Judgment. In adopting the recommendation that Plaintiff's Motion for Summary Judgment be denied, the Court noted: "The Magistrate Judge correctly pointed out that the contracts at issue include no express

obligations to purchase, just obligations to sell. Plaintiff admits that the operative question is whether the general intention of the contract is to consummate a sale." Docket No. 89, p. 2.

Continuing, the Court stated: "Whether the 1997 Contract was intended by the parties to be a purchase contract or an option contract is an operative fact that is clearly disputed. Moreover, whether the 1999 Contract was actually executed and whether it was intended to be a purchase contract or an option contract are also not established." *Id*. In rejecting the Magistrate Judge's *sua sponte* recommendation that Plaintiff's breach of contract claims be dismissed, this Court stated: "The Court has found merely that there are genuine issues of material fact as to those claims, not that Defendant is entitled to judgment thereon." *Id*. Against that backdrop, the pending Motion for Summary Judgment will be analyzed.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the

2

evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## BREACH OF CONTRACT

Plaintiff alleges that he and Defendant Anderson entered into a written contract in 1997 under which Defendant allegedly was to purchase real estate from Plaintiff. Plaintiff contends that Defendant did not consummate the purchase and thereby breached the contract. Docket No. 138, ¶ 3. The Purchase Contract to which Plaintiff refers states:

> WHEREAS, David G. Patterson, Jr. ("Patterson") owns approximately 102 acres of land located in Williamson County, Tennessee, a description of which is attached hereto as Exhibit A ("the Property"); and
>
> WHEREAS Gerald Anderson ("Anderson") desires to contract to purchase said Property;
>
> THEREFORE, Patterson and Anderson agree as follows:
>
> 1. Patterson agrees to sell to Anderson the Property or portions of the same during the following periods at the following prices.
>
>> A. On or before 12 months from the date of execution of this contract: $9,160.00 per acre
>>
>> B. On or before the end of the next succeeding 12 months: $10,435.00 per acre
>>
>> C. On or before the end of the next succeeding 6 months: $11,237.00 per acre

> Each conveyance shall be for no less than thirty-four (34) acres. During the terms of this Contract Patterson agrees to approve those changes to the OSRD which are approved by the City of Brentwood.
>
> 2. The conveyance(s) shall be by general warranty deed. The Property shall be conveyed subject to the OSRD zoning requirements, the encumbrances listed on Exhibit B hereto and current property taxes, which taxes shall be paid by Anderson.

Docket No. 1-1. The document is signed by both Patterson and Anderson, but it is not dated. In addition, there are no Exhibits A or B attached thereto. Plaintiff alleges that this 1997 Contract required Defendant to close on the purchase of the property not later than January 9, 2000, but nowhere does the contract say that.

As the Court previously found, there is no language in the 1997 Contract which obligates Defendant Anderson to do anything. Docket No. 83 (adopted in Docket No. 89). The only obligation created by the written agreement known as the 1997 Contract is Plaintiff's obligation to sell the property or portions thereof to Defendant during certain periods of time and at certain prices. *Id.*

For purposes of this Motion, however, the Court finds that the title "Purchase Contract" creates an ambiguity as to whether the parties intended the 1997 Contract to be something other than an option to purchase. In addition, the Court finds that there are other ambiguities in the 1997 Contract. For example, the contract is not dated and neither Exhibit A nor Exhibit B is attached thereto. There are disputed issues of material fact as to when the contract was signed and what specific property it covered.

Thus, as previously found, the trier of fact must determine the intention of the parties in executing the 1997 Contract. For example, Plaintiff insists that the agreement was supposed to be a loan. Nowhere on the document does it say it represents a "loan." This assertion is extrinsic, parol evidence as to the intentions of the parties.

The Court has found no signed copy of the 1999 Contract in the record. An unsigned document headed "PURCHASE CONTRACT" and dated 10/13/99 is attached to Docket No. 82 as Exhibit 4. In addition to being unsigned, this document does not include Exhibit A, allegedly the property description of the real estate to be conveyed. Again, if this contract is valid, it is ambiguous as to its terms, and the trier of fact must determine the intention of the parties.

The history of transactions and negotiation between these two parties is lengthy and involved. *See, e.g.,* Docket Nos. 138 and 149. The documents presented to the Court do not evidence an unambiguous agreement. Therefore, the facts will have to be presented at trial, where the Court will determine the intention of the parties.

Similarly, whether Defendant defrauded Plaintiff in connection with a sale of property to Defendant's mother involves questions of fact as to the behavior and motivations of the parties. Finally, Plaintiff's claim for attachment is dependent upon the Court's ruling on the other two counts, so it too must be decided at trial.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 128) is DENIED. The trial remains set for April 2, 2013.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE